YORK v. CHAPPELL.

4-5441     127 S. W. 2d 266

Opinion delivered April 17, 1939.

*Northcutt & Northcutt*, for appellant.
*Oscar E. Ellis*, for appellee.

HUMPHREYS, J. One of the appellees, Lula Bell Chappell, brought a suit against appellant in the chancery court of Fulton county to cancel a donation certificate and a donation deed issued by the state of Arkansas to appellant for a hundred and fifty acre tract of land in said county particularly described as follows:

"Southeast quarter of the northeast quarter except a strip 100 yards wide north and south off of the north end thereof; also the east half of the southeast quarter, all in section 35 and the southwest quarter of the northeast quarter of section 36, all in township 20 north of range 8 west of the 5th P. M. in Arkansas"; and for the

value of rents for the years 1936 and 1937 in the sum of $100 and value of timber removed therefrom in the sum of $150, alleging that the certificate and deed were void because said land was not subject to donation, setting out particularly the reasons why said certificate and deed were void.

Appellant filed an answer to the complaint in which he denied the reasons alleged by Lula Bell Chappell why the donation certificate and deed should be canceled, but did not deny that she was the original owner of the land. In addition to asking for a dismissal of the complaint he prayed that in the event the court should cancel same as void he be given as betterments for improvements made thereon in the total sum of $280.75 for work done, labor hired, material furnished, etc., and filed an itemized statement as an exhibit to the answer.

Thereafter, the other appellee, Mattie York, filed a motion to be made a party plaintiff with Lula Bell Chappell on the ground that she and Lula Bell Chappell owned the land jointly having bought same and obtained a warranty deed thereto from Louis H. Whitaker and wife, Mary Whitaker, on January 13, 1913, which deed was duly recorded in Fulton county, Arkansas, and attached said deed as an exhibit to the motion, and in the motion she adopted the allegations and matters set up in the complaint filed by Lula Bell Chappell as their joint cause of action.

Thereafter Lula Bell Chappell and Mattie York filed an amendment alleging that appellant had occupied the land for the years 1936 and 1937 and that the rental value per year thereon was $50 and that appellant had removed timber from the land worth $150, and requested judgment for same and denied that they were indebted to him for any improvements made thereon.

Appellant filed no answer or reply to the amendment to the complaint.

On July 1, 1938, the cause was heard upon the pleadings, the exhibits thereto and the depositions taken and filed in the case by the respective parties from which the court found that appellees were the original owners of the land and that the land was not subject to donation on

February 14, 1936, when appellant obtained his donation certificate from the state and that it and the donation deed issued thereon on March 9, 1938, were void and should be canceled, and further found that appellant entered upon the property immediately after obtaining the certificate and made improvements thereon to the extent of the sum of $75 and was entitled to a lien on the land for said sum and ordered the sale of the land to pay said amount.

Appellant and appellee saved exceptions to the decree in so far as adverse to them and each prayed and was granted an appeal to the Supreme Court and the cause is before us for trial *de novo*.

Appellant contends that the decree should be reversed because the record is insufficient to show that appellee owned the land or that same was not subject to donation at the time he obtained his certificate and deed and found that the judgment was erroneous in not allowing him more than $75 for improvements.

Appellees contend that that part of the judgment allowing $75 for improvements is error and that the court should have allowed them $250 for rent on the land for the years 1936 and 1937 and for timber removed by appellant from the land.

The lands in question had been forfeited to the state for the nonpayment of taxes and were not subject to donation if any part of them had been in cultivation within a period of five years prior to the date application to donate them was made.

Section 5 of act 128 of the Acts of 1933 is as follows: "No lands which are enclosed or which have improvements situated thereon of a value in excess of $200 shall be subject to donation and proof that these conditions do not exist must be furnished by the prospective donee upon certificate of the county judge, circuit clerk, county surveyor and one disinterested citizen of the county in which the land sought to be donated is located." Section 6 of said act provides, in part, that "It is the intention of this act to provide for the donation only of wild and unimproved lands for home making purposes . . . ."

The contention that appellees were not the original owners of the land is without merit. They alleged ownership and their deed thereto was attached as an exhibit and when the court found that they were the owners of the land the testimony supported the finding.

We deem it unnecessary to set out the evidence relative to the character of the land *in toto*. Suffice it to say that the evidence is overwhelming that a part of the land was fenced and that there was a log house and other improvements on the land when appellant applied for and obtained his donation certificate on the 14th day of February, 1936. There is practically no dispute that a part of it was cultivated during the year 1933 by a man by the name of Lawrence who was residing in the log house at that time and that he repaired damage done to this house by a storm in that year. The evidence also shows without dispute that Lawrence obtained a crop loan from the Government on his crop in 1933. The clerk and recorder of the county testified that the crop mortgage was executed on March 22, 1933, and a copy of the mortgage appears in the record and shows that there were sixty acres in cultivation at that time. The evidence also shows without dispute that a man by the name of John Brunk, who lived on the adjoining farm, used the lands for pasture all the time until appellant obtained his certificate of donation. A decided weight of the evidence reflects that the land was not wild and unimproved at the time appellant applied for his certificate of donation. There is another potent fact which indicates that the land was not wild and unimproved appearing in the record and that is the fact that appellant himself resides in the log house which was on the property at the time he entered the premises under his donation certificate.

The only evidence offered by appellant tending to show the contrary is his own and that of several witnesses introduced by him who state that at the time he applied for his donation certificate and entered same thereunder that the lands appeared to have been out of cultivation for six or seven years.

We have concluded after a careful reading of the testimony that the finding of the chancellor is sustained

by the great weight thereof to the effect that the lands had been under cultivation within five years prior to the date of his donation certificate and that same was not wild and unimproved land.

No proof was offered by appellant to the effect that the improvements he made thereon during his occupancy of same enhanced the value of the land. The evidence is undisputed that he raised a crop upon the land in 1936 and 1937 and that he sold 100 ricks of wood for which he received $1.25 per rick. It was alleged that the rental value of the place per year was $50 and that the value of the timber removed was $150. No denial of either allegation was made by appellant in his pleadings.

In the absence of any testimony showing that the improvements appellant made on the place enhanced the value of the land, and in view of the fact that he occupied it two years and raised crops thereon and cut and removed considerable timber therefrom, the court should have offset the improvements with the value of the rents and timber.

We think the court erred under the evidence in the instant case in allowing appellant $75 for improvements and declaring a lien on the land to pay same without taking into account the value of the rents and the value of timber removed by him from the lands. The equitable thing to have done would have been to offset the improvements with the rental value and timber removed by appellant. In other respects the decree is correct. The judgment is, therefore, modified by disallowing appellant $75 for improvements and, as modified, is affirmed.